IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | ) | |
|---|---|---|
| **Wayne Lee Butts** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Case No.: 8:17-cv-00855-GLS |
| | ) | |
| **Washington Metropolitan** | ) | |
| **Area Transit Authority,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pending before this Court, by the parties' consent, is Defendant's Motion for Summary Judgment and Plaintiff's Response in Opposition thereto. (ECF Nos. 30, 31)[1]. For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

**I.   Background**

The following facts, appearing in both Plaintiff's deposition and Defendant's Motion for Summary Judgment, are undisputed. On November 19, 2015, Plaintiff Wayne Lee Butts ("Plaintiff") boarded the F13 bus at the stop at 85th and Annapolis Road in New Carrolton. (Butts Dep. at 11, 15; ECF No. 31 at 1; ECF No. 30-2 at 3). After paying his fare, Plaintiff grabbed onto a bar before making his way to his preferred seat. (Butts Dep. at 19; ECF No. 30-2 at 5). Plaintiff had both feet planted on the floor and was holding the bar when the bus began to move. (Butts Dep. at 19, 21; ECF No. 30-2 at 4). According to Plaintiff, the bus operator "took off and you know jerked the bus to the left." (Butts Dep. at 18; ECF No. 30-2 at 5).

---

[1] These pleadings were also previously filed as ECF Nos. 19 and 27. The Court will cite to the later filings throughout.

Plaintiff alleges that he landed on his head and back, sustaining injuries. (Butts Dep. at 18, 21). Defendant does not address the alleged injuries to Plaintiff. Thus, consistent with the law regarding summary judgment motions, the facts related to Plaintiff's injuries are construed in the light most favorable to Plaintiff, the non-moving party.

Plaintiff filed his Complaint on March 29, 2017, alleging that he suffered injuries as a result of Defendant Washington Metropolitan Area Transit Authority ("WMATA")'s, negligence. (ECF No. 1). Defendant filed its Answer on March 29, 2017. (ECF No. 5). This case was assigned to me for All Further Proceedings on November 17, 2017. On March 1, 2018, Defendant filed its Motion for Summary Judgment. (ECF No. 19). On April 17, 2018, Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment. (ECF No. 27). Defendant again filed its Motion for Summary Judgment on August 22, 2018. (ECF No. 30). Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment on August 22, 2018. (ECF No. 31), attaching a supplemental memorandum of points and authorities. Accordingly, the Motion pending before this Court is ripe for disposition.

**II.     Standard of Review**

Motions for summary judgment shall be granted only if there are no genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987) (internal citation omitted). The burden can be satisfied through the submission of discovery materials. *Barwick v. Celotex Corp.*, 736 F.2d 946,

958 (4th Cir. 1984). To defeat motions for summary judgment, on the other hand, the nonmoving party cannot simply cast "metaphysical doubt" on the material facts, but rather must provide specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)).

The Court must construe the facts and documentary materials submitted by the parties, including the credibility and weight of particular evidence, in the light most favorable to the party opposing the motions. *Masson v. N.Y. Magazine, Inc.*, 501 U.S. 495, 520 (1991) (citing *Anderson*, 477 U.S. at 255)). A mere scintilla of evidence is insufficient to create an issue of material fact. *See Barwick*, 736 F.2d at 958–59. Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**III. Analysis**

To establish a cause of action for negligence in Maryland, a plaintiff must prove four elements: (1) defendant was under a duty to protect the plaintiff from injury; (2) the defendant breached that duty; (3) the plaintiff suffered actual loss or injury; and (4) the loss or injury proximately resulted from the defendant's breach of the duty. *See Todd v. Mass Transit Admin.*, 373 Md. 149, 155 (2003) (internal quotations and citations omitted). Negligence is a relative term and must be decided on the facts of each particular case; ordinarily, it is a question of fact to be determined by the jury. *See Fowler v. Smith*, 240 Md. 240, 246 (1965).

Under Maryland law, a common carrier is not an insurer of the safety of its passengers, but is bound to employ the highest degree of care for their safety, consistent with the nature of the undertaking. *Mass Transit Admin. v. Miller*, 271 Md. 256, 259 (1974). A common carrier

owes its passengers a duty to deliver them to their destination as expeditiously as possible, consistent with safety. *Id*.

The Court of Appeals of Maryland has held that after a passenger is fairly aboard, an operator may resume his ordinary duties as to operating the vehicle without further concern with the movements of passengers within the car. *Przyborowski v. Balt. Transit Co.*, 191 Md. 63, 67 (1948). Conversely, it is the duty of passengers, once on board, to protect themselves against the normal motions of the vehicle. *Id*. In *Mass Transit Admin. v. Miller*, the same court held that a passenger, once on board a public carrier, is under a duty to use reasonable care to protect himself against the normal motions of the vehicles incident to public transportation, and a plaintiff who attempts to establish negligence on the part of the operator of a carrier cannot prove negligence solely by the use of strong adjectives or expletives characterizing a stop or a start. 271 Md. 256, 260 (1974). Plaintiff is required to offer additional proof that creates a question as to whether the plaintiff has established that the movement of the bus was unusual or extraordinary. *Id.* (noting that the plaintiff has the burden to produce such additional evidence).

In the instant case, Defendant contends that no genuine issues of material fact exist and, therefore, it is entitled to Summary Judgment. (ECF No. 30-2 at 1). Defendant makes two arguments: 1) that Plaintiff has not offered any evidence that the start of the bus was so abnormal or extraordinary to have constituted negligence; and 2) that Plaintiff assumed the risk that the bus would move forward and make other movements before he had time to sit down. (ECF No. 30-2 at 3–6). Plaintiff counters that there is a genuine issue of material fact and, therefore, Defendant is not entitled to summary judgment. (ECF No. 31 at 1). Specifically, Plaintiff argues that the "jerking" of the bus from left to right does not describe an ordinary and usual movement of a

bus, and thus, plaintiff alleges, the WMATA bus driver was operating the bus in a negligent manner. *Id.* Plaintiff relies on *Washington Metropolitan Area Transportation Authority v. Seymour*, 387 Md. 217 (2005) in support of his argument that Plaintiff has described "a specific incident" of "the bus driver swerving left and then right in this case." (ECF No. 31-1 at 3).

### A. Assumption of Risk

The Maryland Pattern Civil Jury Instructions describe assumption of the risk as follows: "A plaintiff cannot recover damages if the plaintiff has assumed the risk of an injury. A person assumes the risk of an injury if that person knows and understands, or must have known and understood, the risk of an existing danger and voluntarily chooses to encounter that danger." MPJI 19:14.

As the Court of Appeals noted in *Retkowsky v. Baltimore Transit Co.*, 222 Md. 433, 439 (1960), "after a passenger is fairly aboard an operator may resume his ordinary duties as to the vehicle without further concern with the movements of passengers within the car; that it is the duty of passengers, once on aboard, to protect themselves against the normal motions of the vehicle incident to public transportation." Furthermore, "after a passenger is on board, it is not incumbent upon a carrier to wait until the passenger has reached a seat before starting, or to afford assistance to a passenger, not laboring under some apparent infirmity or disability." *Przyborowski v. Baltimore Transit Co.*, 191 Md. 63, 67 (1947).

In *Lopez v. Washington Metropolitan Area Transit Authority*, a case in which the plaintiff fell on the floor after the bus driver started the bus, this Court found no evidence to support the plaintiff's assertion that she was not in a place of safety. *Lopez*, No. 15-4008, 2016 WL 6962868, at *5 (D. Md. Nov. 29, 2016). The Court found no evidence to support the plaintiff's

assertion that she was not in a place of safety because: 1) she was within the interior of the bus when she fell; and 2) she did not allege that she was either infirmed or disabled at the time of the incident. *Id*.

Here, during his deposition, Plaintiff stated that he was within the interior of the bus and holding onto a bar when the bus operator began moving the bus. (Butts Dep. at 11–19). Thus, Plaintiff had a duty to protect himself and ensure that he did not fall. Additionally, Plaintiff has not alleged that he was disabled or infirmed at the time of the incident. Therefore, because Plaintiff here: 1) was within the interior of the bus when he fell, and no evidence supports his assertion that he was not in a place of safety and 2) has not alleged that he was either infirmed or disabled at the time of the incident, this Court finds no genuine material factual dispute as to whether Plaintiff was fully onboard and at a place of safety when the Metro Bus moved.

### B. Evidence of Abnormal or Extraordinary Movement

It is well settled that a plaintiff bears the burden of proving bus operators are driving in an abnormal and extraordinary way. *Retkowsky*, 222 Md. at 436. To satisfy this burden a plaintiff must demonstrate a "'definite, factual incident' which rendered the [movement] so 'abnormal and extraordinary that it can be legally found to have constituted negligence' in the operation of the [bus]." *Id*. at 438. Courts in Maryland have granted summary judgment in favor of the defendant when the plaintiff has failed to meet this burden.

The facts in *Retkowsky* are instructive. In *Retkowsky*, after boarding a streetcar, the plaintiff was unable to get to a seat and fell on the floor after the operator started the streetcar with a "very sudden jerk." *Id.* After plaintiff offered no witnesses other than herself, the Court ruled in favor of the defendant, finding that there was no factual incident showing that the start of

the streetcar was so abnormal and extraordinary as to constitute negligence. *Id*. The Court noted, for example, a lack of evidence demonstrating "any unusual or extraordinary effect upon any other passenger," "any spontaneous exclamations of excitement by anyone," or "that she was thrown or propelled any unusual distance when she fell." *Id.*

Similar to the plaintiff in *Retkowsky*, Plaintiff here has failed to present some definite series of facts that would render the movement of the Metro Bus abnormal or extraordinary. Plaintiff here has offered no witnesses and only references his deposition, which states that the bus operator "jerked the bus to the left" and "jerked the bus a second time." (Butts Dep. 7–11). Courts have made clear that plaintiffs must set forth evidence other than their statements in support of their argument that the movement of the common carrier was abnormal or extraordinary. *See Washington Metro. Area Transit Auth. v. Djan*, 187 Md. App. 487, 494 (2009) (explaining that the plaintiff could not rely on her own adjectival description of the bus motion to support a case of negligence without supporting evidence).

Factual scenarios in which a Maryland court has found a definite, factual incident that was sent to a jury include: (1) "rocking, swaying, or jiggling of the streetcar that threw the other passengers back and forth"; (2) "[the plaintiff fell] flat on her back from a standing position, with such force that the driver said he heard her hit the floor"; and (3) "such a violent jerk that it caused the passengers to scream." *Id.* (collecting cases). In all of these scenarios, witnesses other than the plaintiff corroborated the plaintiff's version of events. Here, no supporting evidence has shown that other passengers were thrown back and forth, that the bus driver heard Plaintiff hit the floor, or that the sudden jerk caused other passengers to scream. Plaintiff relies solely on his own assertions. There are no witnesses or supporting evidence to corroborate Plaintiff's

negligence claim.

Plaintiff attempts to rely on *Washington Metropolitan Area Transit Authority v. Seymour* in his Opposition to Defendant's Motion for Summary Judgment, stating, "[t]he sudden stop by the driver in *Seymour* described a specific incident as does the incident of the bus diver[sp] swerving left and then right in this case." (ECF No. 31-1 at 3). Plaintiff mischaracterizes the facts in *Seymour*, which is distinguishable from the instant case. The plaintiff in *Seymour* fell from her seated position to the floor, but "[a]t least one other passenger on the bus that day was also injured because of this incident" and, also, another witness corroborated plaintiff's testimony about the bus's movement, saying "that she remembered the bus driver accelerating from the service stop at what she perceived to be an abnormally fast rate before the bus's abrupt stop . . .." *Seymour*, 387 Md. 217 at 222–23. As previously mentioned, Plaintiff relies solely on his own recollection and assertions, which is not enough to prove an abnormal or extraordinary movement.

As a matter of law, construing the facts in favor of the non-moving party, Defendant's Motion for Summary Judgment must be granted. Plaintiff assumed the risk once aboard the WMATA bus and has not set forth additional evidence, as required by Maryland law, to support his claim that the movements of the bus were so extraordinary as to constitute negligence.

### IV. Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED (ECF No. 30).

Dated: September 26, 2018

/s/
The Honorable Gina L. Simms
United States Magistrate Judge